UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELEA LIMITED and PLASTIC
MOLDED TECHNOLOGIES, INC.

       Plaintiffs,

v.

STEELCASE, INC.

       Defendant.

and

CINPRES GAS INJECTION LIMITED and
CINPRES GAS INJECTION, INC.

       Intervening Defendants.
_____/

Case No. 03-70565

Honorable Patrick J. Duggan

**OPINION AND ORDER DENYING PLAINTIFFS' OBJECTIONS TO
[MAGISTRATE JUDGE KOMIVES' MARCH 1, 2005] ORDER GRANTING
DEFENDANTS' MOTION TO TAKE DEPOSITIONS**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on April 28, 2005

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On March 1, 2005, Magistrate Judge Paul J. Komives issued an Order granting

Defendants' motion to take depositions of eight individuals. Currently before the Court

are Plaintiffs' objections to that Order, pursuant to Rule 72(a) of the Federal Rules of

1

Civil Procedure. Defendants filed a response to Plaintiffs' objections, to which Plaintiffs have replied.

Defendants have noticed the depositions of the following individuals: (1) Plaintiff Plastic Molded Technologies' Vice President, Edward Smith; (2) Plaintiff Plastic Molded Technologies Vice President and Chief Financial Officer, James Teasdale; (3) Plaintiff Plastic Molded Technologies President, Michael Ladney; (4) Plaintiffs' attorney David Syrowik; (5) Plaintiffs' attorney Robert Tuttle; and (6) Plaintiffs' corporate counsel Bruce Kahn. Defendants argue that the first three individuals are listed on Plaintiffs' Rule 26(a) Initial Disclosures and that it is thus proper for Defendants to take their depositions. Plaintiffs respond that these individuals have been deposed extensively in other cases filed by Plaintiffs against different defendants, cases in which Defendants' present counsel also are involved and therefore that further depositions are unnecessary. With respect to attorneys Syrowik and Tuttle, Defendants argue that discovery of these attorneys is proper because they prepared and prosecuted the patent in suit. Similar to their previous response, Plaintiffs contend that these individuals are being deposed in another pending patent case by Defendant's counsel and thus it would be redundant to depose them in this case. Finally, with respect to Plaintiffs' corporate counsel, Defendants argue that Mr. Kahn has facts and evidence directly relevant to the patent in suit as he has been directly involved in Plaintiffs' enforcement and licensing activities with respect to the patent. Plaintiffs respond that Defendants have failed to show that Mr. Kahn's deposition is permissible pursuant to *Shelton v. American Motors Corporation*,

805 F.2d 1323 (8th Cir. 1986).

Rule 72(a) of the Federal Rules of Civil Procedure provides the standard of review this Court must apply when objections are filed with respect to a magistrate judge's ruling on nondispositive matters. The rule provides in relevant part: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). The Court concludes that Magistrate Judge Komives' March 1, 2005 Order is neither clearly erroneous nor contrary to law.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' objections to Magistrate Judge Komive's March 1, 2005 Order are **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Magistrate Judge Paul J. Komives
Ernie L. Brooks, Esq.
John A. Artz, Esq.